**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | IP-05-CR-008-04-B/F |
| vs. | ) | No. 1:06-CV-1589-SEB-JMS |
| | ) | |
| | ) | |
| FRANCISCO JAVIER MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

For the reasons explained in this Entry, the motion of Francisco Javier Martinez ("Martinez") for relief pursuant to 28 U.S.C. § 2255 must be **denied.**

**Discussion**

Drug and money laundering charges against Martinez were resolved through the entry and acceptance of a Plea Agreement between Martinez and the United States. The guilty plea was entered in accord with the standards prescribed in Rule 11 of the *Federal Rules of Criminal Procedure.* Also, in the Plea Agreement Martinez expressly waived his right to appeal his conviction or his sentence as part of the terms of his plea bargain, and expressly waived the right to "contest, or seek to modify, his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under 28 U.S.C. § 2255."

No appeal from this disposition was filed. However, Martinez now seeks relief pursuant to 28 U.S.C. § 2255. He contends that he was denied the effective assistance of counsel in negotiating and arriving at the terms of the Plea Agreement. The United States argues that Martinez waived his right to challenge his conviction and sentence in a post-conviction proceeding. In doing so, the United States relies on the provision of the Plea Agreement recited in the preceding paragraph.

The Seventh Circuit has recognized the validity of such waivers, and will enforce the waiver unless there is a claim that the plea agreement/waiver was entered into involuntarily, or that the waiver was a result of the ineffective assistance of counsel during the negotiation of the waiver. In *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999), the Seventh Circuit held that only two claims could be raised on a section 2255 motion by an individual who waived his right to appeal: (1) the defendant received ineffective assistance of counsel in negotiating the waiver; or (2) that the waiver was not knowingly and voluntarily made. *Jones* states that courts should be:

> [m]indful of the limited reach of this holding, we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.

167 F.3d at 1145. In *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000), the Seventh Circuit applied its holding in *Jones* to bar an ineffective assistance of counsel claim that related only to the attorney's performance with respect to sentencing. The Court found that

> [b]ecause the challenge has nothing to do with the issue of a deficient negotiation of the waiver, [petitioner] has waived his right to seek post-conviction relief.

*Id.* Additionally, the court stated that the following analysis should be considered in determining whether a claim has been waived:

> can the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?

*Id.*

In this case, Martinez does not allege that his counsel was ineffective with regard to the negotiation of the waiver. In fact, during his change of plea hearing, Martinez stated that he was satisfied with the representation and advice given to him by his attorney. By contrast it is the contention here, as in *Mason,* that a more favorable sentence could have been achieved. "In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan,* 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)). A plea is knowing and intelligent when the defendant is competent, aware of the charges and advised by competent counsel. *Id.* Martinez entered such a plea in this case. Further, although he makes an ambiguous assertion that his counsel disregarded his intention to file an appeal, the Plea Agreement shows without question that Martinez sought to end the proceedings and he has not shown that his attorney failed to follow express instructions

with respect to an appeal. There was no ineffective assistance of counsel in this respect when no appeal was filed. *Roe v. Flores-Ortega,* 528 U.S. 470, 478 (2000).

The United States is correct that the foregoing circumstances show that Martinez is not entitled to relief pursuant to 28 U.S.C. § 2255, nor to the re-issuance of a final Judgment so that a timely appeal could be filed. The motion for relief pursuant to § 2255 is therefore **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 02/14/2007

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana